# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

VINCENT LAWRENCE ROBERTS,

        Plaintiff,

    v.

SUPERIOR JUDGES THE SUPERIOR COURT FOR THE STATE OF ALASKA FOURTH JUDICIAL DISTRICT AT FAIRBANKS,

        Defendants.

Case No. 4:25-cv-00042-SLG

## ORDER OF DISMISSAL UPON SCREENING & NOTICE OF SECOND STRIKE

On September 17, 2025, self-represented prisoner Vincent Lawrence Roberts ("Plaintiff") filed a civil complaint against the Superior Court judges of the Fourth Judicial District in Fairbanks, Alaska.[1] Plaintiff claims that the state court judges in Fairbanks set excessive bail amounts that are often higher than the bail amounts set for similar criminal charges at others court locations in the state.[2] For relief, Plaintiff seeks monetary damages and system reform.[3]

The Court has now screened Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. As explained below, Plaintiff's Complaint seeks relief from defendants who are immune from suit. The Court finds that allowing

---

[1] Docket 1.

[2] Docket 1 at 5-6.

[3] Docket 1 at 7.

leave to file an amended complaint would be futile.[4] Therefore, this case must be DISMISSED. This dismissal counts as a **"strike"** under 28 U.S.C. § 1915(g), which may limit Plaintiff's ability to bring future civil rights cases in federal court.

## SCREENING STANDARD

Under the Prison Litigation Reform Act, a federal district court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[5] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.[6]

Before a court may dismiss any portion of a complaint, a court must provide a self-represented plaintiff with a statement of the deficiencies in the complaint and an opportunity to file an amended complaint, unless to do so would be futile.[7]

---

[4] *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (affirming denial of leave to amend where amendment would be futile because the defects in the complaint could not be cured by additional factual allegations); *Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011) (affirming denial of leave to amend where amendment would be futile because plaintiffs failed to allege a viable legal theory).

[5] 28 U.S.C. §§ 1915, 1915A.

[6] 28 U.S.C. § 1915(e)(2)(B).

[7] *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir.1987) ("Without the benefit of a statement of deficiencies, the pro se litigant will likely repeat previous errors.").

Case No. 4:25-cv-00042-SLG, *Roberts v. Superior Court Judges*
Order of Dismissal Upon Screening & Notice of Second Strike
Page 2 of 5
Case 4:25-cv-00042-SLG   Document 4   Filed 12/15/25   Page 2 of 5

Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[8]

## DISCUSSION

A plaintiff cannot state a claim against a judicial officer "because [a] judge is absolutely immune for judicial acts."[9] A judge will not be deprived of immunity even if the action the judge took was in error, done maliciously, or was in excess of the judge's authority.[10] To determine whether an act is judicial, a court is to consider the following factors: whether "(1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity."[11]

Plaintiff's Complaint challenges bail decisions made by state court judges in criminal cases pending before them. Setting or reviewing bail is a core judicial function, such that the state judges are entitled to judicial immunity in this case. Because amendment would be futile, this case is dismissed without leave to amend.[12]

---

[8] *Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986) (citation omitted).

[9] *Simmons v. Sacramento County Superior Court,* 318 F. d 1156, 1161 (9th Cir. 2003).

[10] *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

[11] *Lund v. Cowan,* 5 F.4th 964, 971 (9th Cir. 2021) (citing *Duvall v. Cnty. of Kitsap,* 260 F.3d 1124, 1133 (9th Cir. 2001)).

[12] *Huffman v. Lindgren,* 81 F.4th 1016 (9th Cir. 2023) (affirming dismissal without leave to amend

Case No. 4:25-cv-00042-SLG, *Roberts v. Superior Court Judges*
Order of Dismissal Upon Screening & Notice of Second Strike
Page 3 of 5
Case 4:25-cv-00042-SLG   Document 4   Filed 12/15/25   Page 3 of 5

## THE THREE STRIKES RULE

The Prison Litigation Reform Act requires that a self-represented prisoner receive a "strike" when a case he has filed in federal court is dismissed "as frivolous, malicious, or fails to state a claim upon which relief may be granted[.]"[13] The "three strikes" provision was "designed to filter out the bad claims and facilitate consideration of the good."[14] Once a prisoner-plaintiff has accumulated three strikes, he is prohibited from bringing any other civil rights cases in federal court without prepaying the full filing fee unless he makes "plausible allegations" that, at the time he filed the complaint, he is under imminent danger of serious physical injury, and that danger must fairly traceable to the unlawful conduct of the defendants alleged in the complaint and redressable by the Court.[15] Imminent danger requires an allegation that a harm is "ready to take place" or "hanging threateningly over one's head."[16] It cannot be triggered solely by complaints of past injury or generalized fears of possible future harm.[17]

---

based on judicial immunity).

[13] 28 U.S.C. § 1915(g).

[14] *Jones v. Bock,* 549 U.S. 199, 204 (2007).

[15] 28 U.S.C. § 1915(g); *see also Ray v. Lara,* 31 F.4th 692, 701 (9th Cir. 2022) (adopting nexus test).

[16] *Andrews v. Cervantes,* 493 F.3d 1047, 1056 (9th Cir. 2007).

[17] *Id.* at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint.").

Case No. 4:25-cv-00042-SLG, *Roberts v. Superior Court Judges*
Order of Dismissal Upon Screening & Notice of Second Strike
Page 4 of 5

Case 4:25-cv-00042-SLG   Document 4   Filed 12/15/25   Page 4 of 5

IT IS THEREFORE ORDERED:

1. This action is **DISMISSED.**

2. This dismissal counts as a **"strike"** under 28 U.S.C. § 1915(g), which may limit Plaintiff's ability to bring future civil rights cases in federal court.

3. All pending motions are **DENIED as moot.**

4. The Clerk shall issue a final judgment and close this case.

DATED this 15th day of December, 2025, at Anchorage, Alaska.

> */s/ Sharon L. Gleason*
> SHARON L. GLEASON
> UNITED STATES DISTRICT JUDGE

Case No. 4:25-cv-00042-SLG, *Roberts v. Superior Court Judges*
Order of Dismissal Upon Screening & Notice of Second Strike
Page 5 of 5
Case 4:25-cv-00042-SLG   Document 4   Filed 12/15/25   Page 5 of 5